IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| LUIS GONZALO PILA YUPANGUI | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| JOHN RIFE, in his official capacity as ICE | : | |
| Field Office Director, ET AL. | : | NO. 26-3337 |

## ORDER

**AND NOW**, this 21st day of May, 2026, upon consideration of Petitioner Luis Gonzalo Pila Yupangui's Verified Petition for Habeas Corpus (Docket No. 1), and "Respondents' Opposition to Petition for Writ of Habeas Corpus," **IT IS HEREBY ORDERED** as follows:

1.  The Petition for Writ of Habeas Corpus is **GRANTED**.[1]

---

[1] Petitioner is a native and citizen of Ecuador, who entered the United States without inspection in or around May of 2024, fleeing persecution in his country. (Pet. ¶¶ 1, 22-23.) He was detained, placed in removal proceedings, and then released. (Resp'ts Opp'n at 4 & Ex. A.) Petitioner has a pending Form I-589 Application for Asylum and Withhold of Removal. (Pet. ¶ 25.) Petitioner has never been arrested for any crime in the United States or elsewhere. (Id. ¶ 27.) Nevertheless, on May 13, 2026, the Department of Homeland Security ("DHS") detained Petitioner during a routine check-in at the Philadelphia ICE office. (Id. ¶¶ 3, 24.) Petitioner has since been held at the Philadelphia Federal Detention Center pursuant to 8 U.S.C. § 1225(b)(2)(A). (See Resp'ts Opp'n at 4; Pet. ¶ 3.)

Petitioner challenges the lawfulness of his detention on statutory grounds and as a matter of due process. Respondents oppose the Petition. They argue, just as they have argued in hundreds of similar cases in this District, that we should deny the Petition because (1) Petitioner is lawfully detained pursuant to 8 U.S.C. § 1225(b)(2), and (2) his detention does not violate due process. However, "courts in this District and across the country have repeatedly held [that] these arguments are unavailing." Benitez Villa v. JL Jamison, Civ. A. No. 26-1926, 2026 WL 907582, at *2 (E.D. Pa. Apr. 2, 2026); see also Alekseev v. Warden, Phila. Fed. Detention Ctr., Civ. A. No. 26-462, 2026 WL 413439, at *1 (E.D. Pa. Feb. 13, 2026) (stating that by February 13, 2026, "every member of this Court ha[d] repeatedly rejected the Government's interpretation of the" Immigration and Nationality Act ("INA") in "201 decisions, all granting 'undocumented immigrants' habeas relief"). Indeed, Respondents acknowledge that "all courts in this district (and many more elsewhere)" have rejected their position that individuals like Petitioner are subject to mandatory detention pursuant to 8 U.S.C. § 1225(b). (Resp'ts Opp'n at 6-7 (citations omitted).)

We previously analyzed the statutory issue in our Memorandum Opinion in Hurtado v. Jamison, Civ. A. No. 25-6717, 2025 WL 3678432 (E.D. Pa. Dec. 18, 2025), and concluded that it is unlawful to subject noncitizens who have been residing in this country without incident to

2.    Petitioner is not subject to mandatory detention under 8 U.S.C. § 1225(b)(2)(A), and is

instead subject to detention, if at all, pursuant to the provisions of 8 U.S.C. § 1226.

------------

mandatory detention under § 1225(b)(2).   Id. at *5-6.   Notably, a panel of Second Circuit judges has since unanimously held the same, "join[ing] the overwhelming majority of federal judges across the Nation" in concluding that the "plain text" of § 1225(b)(2)(A) "does not apply to . . . noncitizens[] who are present in the United States after entering the country without inspection and admission . . . ."   Barbosa da Cunha v. Freden, -- F.4th --, 2026 WL 1146044, at *2 (2d Cir. Apr. 28, 2026); see also Castañon-Nava v. U.S. Dep't of Homeland Sec., 161 F.4th 1048, 1060-62 (7th Cir. 2025) (concluding, in the context of a motion for a stay pending appeal, that the Government was not likely to succeed on its argument that noncitizens already residing in the United States are subject to mandatory detention under § 1225(b)(2)(A)).   "The United States Court[s] of Appeals for the Eleventh and Sixth Circuit have also rejected the Respondents' interpretation of the statutory provision at issue here."   Kumar v. Warden, Pike Cnty. Corr. Facility, Civ. A. No. 26-1216, 2026 WL 1348119, at *1 (M.D. Pa. May 14, 2026) (citing Hernandez Alvarez v. Warden Fed. Det. Ctr. Miami, -- F.4th --, 2026 WL 1243395, at *1 (11th Cir. May 6, 2026), and Lopez-Campos v. Raycraft, -- F.4th --, 2026 WL 1283891, at *1 (6th Cir. May 11, 2026)).   In Hernandez Alvarez, a panel of Eleventh Circuit judges considered "whether unadmitted aliens found in the interior of the United States are eligible for bond while they go through immigration proceedings."   2026 WL 1243395, at *1.   The Government took the position in that case, as Respondents have in this case and all similar cases, "that these aliens must be detained without bond under 8 U.S.C. § 1225(b)(2)(A)."   Id.   The Eleventh Circuit rejected the Government's position, explaining that "[t]he text and statutory structure of the INA, bolstered by the long history of detention across our immigration laws and the congressional purpose in passing [the Illegal Immigration Reform and Immigrant Responsibility Act], yield the conclusion that no-bond detention generally applies to arriving aliens seeking lawful entry to the country, and not to aliens who are simply present here."   Id.   In Lopez-Campos, a panel of judges of the United States Court of Appeals for the Sixth Circuit considered "whether a noncitizen detained within the interior of the United States who never affirmatively applied for admission is subject to 8 U.S.C. § 1225(b)(2)(A)'s mandatory detention scheme or 8 U.S.C. § 1226's permissive detention scheme."   2026 WL 1283891, at *2.   The Sixth Circuit "join[ed] the Second and Eleventh Circuits . . . in holding that § 1225(b)(2)(A) does not apply to noncitizens like Petitioners[,]" who have lived in the United States for years prior to being detained by ICE.   Id. at *3; see also id. at *13 (noting that the petitioners in that case "have lived in the United States for years or decades").

We acknowledge that divided panels of the Fifth and Eighth Circuits have found otherwise, declaring Respondents' interpretation of § 1225 to be correct.   See Buenrostro-Mendez v. Bondi, 166 F.4th 494, 502 (5th Cir. 2026); Avila v. Bondi, 170 F.4th 1128, 1134 (8th Cir. 2026). However, we find the reasoning in Barbosa da Cunha to be more persuasive.   Indeed, the reasoning of the Second, Sixth, and Eleventh Circuits is consistent with our own analysis in Hurtado and the plethora of other comprehensive and well-reasoned opinions in this District that have rejected Respondents' arguments.   See, e.g., Kashranov v. Jamison, Civ. A. No. 25-5555, 2025 WL 3188399 (E.D. Pa. Nov. 14, 2025); Ndiaye v. Jamison, Civ. A. No. 25-6007, 2025 WL 3229307 (E.D. Pa. Nov. 19, 2025); Ibarra v. Warden of Fed. Det. Ctr. Phila., Civ. A. No. 25-6312, 2025 WL 3294726 (E.D. Pa. Nov. 25, 2025); Alekseev, 2026 WL 413439; Benitez Villa, 2026

2

3. The Government shall immediately **RELEASE** Petitioner from custody.

4. The Government shall certify compliance with Paragraph 3 of this Order by filing, no later than 5:00 p.m. on Friday, May 22, 2026, a certification of Petitioner's custody status.

5. If the Government chooses to pursue re-detention of Petitioner pursuant to § 1226(a), it must afford him a bond hearing before a neutral immigration judge as that provision requires.

6. With respect to Petitioner's request for an award of his costs and reasonable attorney's fees in this action pursuant to the Equal Access to Justice Act, 28 U.S.C. § 2412 (the "EAJA"), we **DEFER** any ruling.   Petitioner may file an appropriate motion for costs and fees pursuant to the EAJA no later than June 22, 2026.

BY THE COURT:

/s/ John R. Padova, J.

_____

John R. Padova, J.

_____

WL 907582.

Accordingly, for the reasons we set forth in <u>Hurtado</u> and the reasons set forth in the multitude of other consistent opinions in this District and other Circuits, we grant the instant Petition, concluding that Respondents do not have authority to detain Petitioner without a bond hearing under § 1225(b)(2).